KENTUCKY IMPROVEMENT COMPANY *v.* ROBERT D. BARR.

**Landlord and Tenant—Recovery of Damages.**

Where there are two papers executed by the same parties, at the same time upon the same subject, they must be construed as one contract.

**Damages for Breach.**

Where a landlord agrees to make repairs as soon as practical and fails to do so, he is liable to the tenant for the damages he sustains on account of such failure.

APPEAL FROM GREENUP CIRCUIT COURT.

June 30, 1874.

OPINION BY JUDGE PRYOR:

The appellant leased to the appellee a valuable merchant mill and

the farm upon which it was located, for a number of years, at nine hundred dollars a year, payable semi-annually, the contract of leasing containing the following provision: "That the rent shall be reduced to three hundred dollars per year, for the time that the dam may be out of repair by being washed away or badly damaged. On the same day this writing was executed, an additional covenant or covenants were entered into, by way of explaining the meaning of the original lease, as well as imposing additional obligations on the parties. This writing contains this clause: "It is agreed and understood by the party of the first part, that if the dam is badly damaged or washed away, it is to be repaired by the party of the first part as soon as practicable, and at their cost and expense." The two writings constitute the entire contract between the parties, and must be construed as such. The appellee instituted his action in the court below, alleging that the dam was badly damaged and that some of it had been washed away in the month of June, 1868, and was not repaired until October, 1869; that the appellant failed to comply with its contract by repairing the dam as soon as practicable and that on account of this refusal and failure on its part to perform the stipulations and comply with the terms of the lease, he was deprived of the water power necessary to run his mill, and thereby greatly damaged. There were many witnesses examined upon the issue made, the answer traversing appellee's claim, and the testimony to some extent conflicting. The weight of the testimony, however, is with the appellee, and authorized the judgment, if an action can be maintained for this particular breach of the covenant, by "the failure of appellant to repair the dam in a reasonable time." It is insisted by counsel for appellant, and is the main ground of his defense in the case, that the agreement between the parties fixed the amount of damages to which the appellee was entitled in the event the appellant failed to repair the dam. The writing provides that the rent shall be reduced from nine hundred dollars to three hundred dollars for the time the dam may be out of repair by being washed away or badly damaged. If there was no other provision in the contract with reference to this obligation to repair, conceding that the repairs were to be made by the company, the law would imply that it should repair the dam in a reasonable time; and during this period, the mill having necessarily to cease operation, or at least liable to do so by reason of the defect in the dam, the parties themselves provided that the rent, during this period, whilst the dam was being repaired, should be only three hundred dollars. If,

in the present action, there had been an absence of proof conducing to show that the dam was not repaired in a reasonable time, the only remedy the appellee had to indemnify his loss was by this reduction of the rent. This property was rented principally for the profits arising from the running of this mill; and it was never contemplated by the parties, and is certainly no part of the contract, without reference to its explanatory provisions, that the company could take its own time in repairing the dam, although the effect might be to stop the mill entirely, and still require the appellee to pay three hundred dollars rent.

Such is not its spirit or meaning and no such legal construction can be given it. The parties, however, with a view, doubtless, of avoiding trouble in regard to this clause of the writing, by an additional covenant made on the same day and perhaps at the same time, go on to stipulate in effect, that, although it had been agreed that whilst the dam was being repaired the rent should be reduced to three hundred dollars, still the company must bind itself to repair within a reasonable time, or as soon as practicable, and this clause was inserted: "It is agreed and understood that if the dam is badly damaged it is to be repaired by the party of the first part (the company) as soon as practicable, at its cost and expense." This explanatory provision settles, in express words, the intent and meaning of the parties, and gives the proper legal construction of the instrument, so far as it applies to this particular covenant.

The appellant having failed to repair the dam within a reasonable time, although it was practicable to do so, the appellee, being damaged thereby, was clearly entitled to recover upon this breach of the covenant.

It is urged that the court below erred in permitting testimony as to the capacity of the mill to grind, and the amount of custom appellees had upon the question of damages. We cannot well see how a jury could form any estimate of the damages except upon this character of proof, and the two instructions given upon the subject were eminently proper.

The judgment is *affirmed*.

*Dulin, for appellant.*
*Phister, for appellee.*